**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO WIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1830 JAR |
| | ) | |
| U.S. GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Antonio Wider (registration no. 24113), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.15. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period.

After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's

account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the

prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account

statement for the six-month period immediately preceding the submission of his

complaint.  A review of plaintiff's account indicates an average monthly deposit of

$100.58, and an average monthly balance of $100.74.  Plaintiff has insufficient funds

to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing

fee of $20.15, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed

in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25,

31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action for money damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Named as defendants are the United States; the United States Department of Justice, Eastern District of Missouri; Tiffany Becker, Assistant United States Attorney; Kenneth Tihen, Assistant United States Attorney; and Jean C. Hamilton, United States District Judge, Eastern District of Missouri.

On May 19, 2011, plaintiff was indicted on one count of conspiracy to distribute and possession with intent to distribute cocaine, heroin, and marijuana. United States v. Wider, 4:11CR196 JCH (E.D. Mo.).  The indictment was signed by both the Assistant United States Attorney and the Grand Jury Foreperson. Id. Doc. 1. On June 8, 2012, plaintiff pled guilty to the charges. Id.  As of this date, plaintiff has not been sentenced.

Plaintiff alleges that he is entitled to $7.5 million in damages because the indictment in his criminal action was not signed by the United States Attorney or the Grand Jury Foreperson. Plaintiff also complains that he was instructed not to file pro se motions while he was represented by an attorney.

**Discussion**

Plaintiff's allegations regarding his indictment are untrue. The Court's records show that the indictment was signed by both an Assistant United States Attorney and the Grand Jury Foreperson.

Plaintiff has not alleged facts demonstrating liability upon the United States or the United States Attorney's Office, and the individually named defendants are entitled to immunity. See Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity). As a result, plaintiff's claims are legally frivolous.

Finally, given the frivolous nature of the allegations, the Court finds that plaintiff filed this action for the purpose either of harassing the governmental officials involved in prosecuting and adjudicating his criminal action or for disrupting the criminal action, rather than for vindicating a cognizable legal right. Therefore, the Court finds that this action is malicious, and the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.15 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of October, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

-5-